UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE THE VILLAGE
APOTHECARY, INC.,           Case No. 2:21-cv-10892

     Debtor,                   HONORABLE STEPHEN J. MURPHY, III
                                   /

SILVERMAN & MORRIS, P.L.L.C.,

     Appellant.
                                   /

**OPINION AND ORDER
AFFIRMING THE BANKRUPTCY COURT**

Appellant Silverman & Morris, P.L.L.C. worked as special counsel for the Chapter 7 Trustee. ECF 1, PgID 7. The present appeal is the third Appellant has filed before the Court in the present bankruptcy matter.

The first time, the Court reversed the bankruptcy court for failing to conduct the necessary lodestar inquiry. ECF 4, PgID 250. And the second time, the Court reversed the bankruptcy court for two errors in adjusting the lodestar amount. *Id.* at 301–02.

Each time on remand, the bankruptcy court has awarded $17,079.77 in fees plus $174.74 for expenses. ECF 1, PgID 14–15, 23–24, 44. On the present appeal, Appellant objected to how the bankruptcy court applied the "results obtained" factor and the "billing judgment" rule. ECF 3, PgID 61–62. After reviewing Appellant's brief and the bankruptcy court's opinion, the Court waives a hearing. *See* Fed. R. Bankr.

1

P. 8013(c). For the following reasons, the Court will affirm the bankruptcy court's order.

## BACKGROUND

In the first appeal, the Court explained that the bankruptcy court erred when it failed to conduct the lodestar inquiry for awarding attorney's fees under 11 U.S.C. §§ 329, 330. ECF 4, PgID 249–50. As the Court explained, after calculating the lodestar amount, the bankruptcy court may "adjust it" based on the factors set out in *Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985), which the Sixth Circuit adopted in *In re Boddy*, 950 F.2d 334, 338 (6th Cir. 1991). ECF 4, PgID 249–50.

On remand, the bankruptcy court calculated the lodestar amount and reduced it based on the *Boddy* factors. *Id.* at 297 (citations omitted). The bankruptcy court relied on two factors: "the results obtained" and "whether the lodestar fee amount 'is commensurate with fees for similar professional services in non-bankruptcy cases.'" *Id.* at 297–98 (quotation omitted).

In the second appeal, the Court reversed the bankruptcy court for abuse of discretion when it misapplied the two factors. For the first *Boddy* factor, the bankruptcy court failed to examine "the results obtained" given "the amount in controversy." *Id.* at 300 (citation omitted). The Court instructed the bankruptcy court to "weigh the 'results obtained' by Appellant so long as it also weighs 'the amount in controversy.'" *Id.* at 301 (quotation omitted). And second, the bankruptcy court improperly weighed the "billing judgment" standard. *Id.* (citation omitted). The Court also reminded "the bankruptcy court that it must consider all relevant *Boddy* or 11

2

U.S.C. § 330(a)(3) factors" and it "should keep in mind that the Sixth Circuit discourages hindsight analysis." *Id.* (quotations omitted).

On the most recent remand, the bankruptcy court measured the "amount in controversy" with the "results obtained." ECF 1, PgID 29–40. The bankruptcy court found "some degree" of hindsight analysis was naturally permitted because the Sixth Circuit allows a bankruptcy court to analyze the "results obtained" as a *Boddy* factor. *Id.* at 39. When considering Appellant's obtained results with the amount in controversy, the bankruptcy court explained Appellant had "a very low 'level of success'" because it only obtained 2.5% of the total amount it had targeted in its investigation of the Debtor's owner. *Id.* at 34, 37. What is more, the bankruptcy court noted even if it were to measure the "amount in controversy" differently—"as the total amount of allowed claims in th[e] case"—the results would be worse. *Id.* at 37–38. For the "billing judgment" standard, the Court determined "it was not necessary" to discuss that element because "'the amount in controversy and the results obtained' is fully sufficient, standing alone, to justify the [bankruptcy court's] award." *Id.* at 43–44. In other words, the bankruptcy court's decision would be the same even if it found "§ 330(a)(3)(F) as further supporting a discretionary reduction." *Id.* at 44.

**STANDARD OF REVIEW**

The Court reviews an award of attorney's fees under abuse of discretion. *In re Boddy*, 950 F.2d at 336. "An abuse of discretion occurs when a judge fails to apply the proper legal standard or follow the proper procedures in making the determination,

or bases an award upon findings of fact that are clearly erroneous." *In re Red Ball, Inc.*, 157 F. App'x 850, 851 (6th Cir. 2005) (internal citations omitted).

## DISCUSSION

As the Court explained in the second appeal, "[a] bankruptcy court is afforded broad discretion in determining attorney's fees." ECF 4, PgID 302 (quoting *In re Robinson*, 189 F. App'x 371, 373 (6th Cir. 2006)).

For the "results obtained" factor, Appellant advanced three arguments about why the district court erred. First, Appellant argued the bankruptcy court improperly relied on hindsight. ECF 3, PgID 69–70, 74. Appellant's second argument contended the "results obtained" factor is no longer an appropriate lodestar factor. *Id.* at 70–74. And third, Appellant claimed the bankruptcy court should have considered § 330(a) instead of the *Boddy* factors for awarding fees. *Id.* at 74–76. The Court will address each argument in turn.

First, the bankruptcy court noted there is "some degree" of naturally permitted hindsight analysis when analyzing the "results obtained" as a factor under *Boddy*. ECF 1, PgID 39. But Appellant contended the bankruptcy court could avoid hindsight if it measured the "results obtained" by "the results that stemmed directly from the services." ECF 3, PgID 74. Appellant explained its services could be "'beneficial at the time at which the service was rendered,'[] even if the value of the Trustee's causes of action was not ultimately sufficient to yield a dividend for creditors." *Id.* But Appellant cited no case law to support that argument. *Id.* And the Court's review of the case law found nothing to support it either. In any event, the bankruptcy court

4

properly considered "the results obtained" because it also weighed "the amount in controversy" as the plain text requires. *Harman*, 772 F.2d at 1152 n.1; *see* ECF 1, PgID 32–39.

Second, the "results obtained" factor is still an appropriate lodestar factor. After all, "*Boddy* recognized that there may be other relevant factors in addition to the lodestar components[.]" *In re Ulrich*, 517 B.R. 77, 81 (Bankr. E.D. Mich. 2014). Indeed, "[t]he factors now expressly listed in the statute are substantially similar to the potentially relevant factors identified in *Boddy*[.]" *Id.* And that analysis makes sense because the factors in 11 U.S.C. § 330(a)(3) are non-exhaustive. *In re Hirsch*, 550 B.R. 126, 138 (Bankr. W.D. Mich. 2016); *see also In re Hager*, 587 B.R. 488, 490 (Bankr. W.D. Mich. 2018) ("Augmenting the statutory factors listed in § 330(a)(4) [sic], the Sixth Circuit's *Boddy* decision also directs the [bankruptcy] court to consider [twelve factors].") In short, Sixth Circuit precedent and the rulings since the 1994 Bankruptcy Code amendments suggest the "results obtained" factor is an appropriate lodestar factor.

Third, the bankruptcy court's application of the *Boddy* factors was not an abuse of discretion. Although § 330(a) outlines specific factors the bankruptcy court must evaluate if the factors are relevant, the bankruptcy court must also consider any relevant *Boddy* factors. *See In re Acevedo*, No. DG 12-06576, 2014 WL 6775272, at *2 (Bankr. W.D. Mich. Nov. 12, 2014) ("The [bankruptcy] court's task in allowing professional fees payable from estate resources is more nuanced, as *Boddy* itself recognizes, and as Congress prescribed in § 330(a)(3)."). To be sure, the factors in 11

5

U.S.C. § 330(a) are non-exhaustive. *In re Hirsch*, 550 B.R. at 138. And, at any rate, the bankruptcy court considered the § 330(a) factors. ECF 1, PgID 40 ("In making its fee decision today, this Court has considered all of the factors set out in 11 U.S.C. § 330(a)."). On that basis, the bankruptcy court did not err when it relied on the *Boddy* factors. At bottom, the bankruptcy court did not abuse its discretion when it analyzed the "results obtained" factor.

For the billing judgment standard, Appellant argued the bankruptcy court improperly applied the law and thus abused its discretion. ECF 3, PgID 76–83. But the bankruptcy court did not rely on the billing judgment standard to adjust the fees award. ECF 1, PgID 43–44. Instead, the bankruptcy court found the "'the amount in controversy and the results obtained' are fully sufficient, standing alone, to justify the [] award." *Id.* at 43–44. Because of that conclusion, even if the bankruptcy court erred in its prior rulings about the billing judgment standard, the error would be harmless. Fed. R. Civ. P. 61 (explaining harmless error review).

Last, Appellant's argument about administrative expenses having a higher priority than unsecured claims is irrelevant to the Court's review of the bankruptcy court's fee award. The bankruptcy court in no way disregarded the Bankruptcy Code's statutory provisions governing priorities. Put simply, the bankruptcy court did not "subordinate" any claims. *See* 11 U.S.C. § 510. Rather, the bankruptcy court awarded only half of Appellant's requested fees under § 330(a). ECF 1, PgID 13. As a result, Appellant is entitled to an administrative expense for only the awarded amount. *See* § 503((b)(2) ("[C]ompensation and reimbursement awarded under section 330(a) of

6

this title."). In the end, the bankruptcy court did not abuse its discretion and the Court will affirm the bankruptcy court's opinion and order and dismiss the appeal.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the April 16, 2021 opinion, ECF 1, PgID 9–44, and order, *id.* at 7–8 of the bankruptcy court are **AFFIRMED**.

**IT IS FURTHER ORDERED** that the appeal is **DISMISSED**.

This is a final order that closes the appeal, 21-cv-10892.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 25, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 25, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager